## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SAUL EWING LLP**
Elizabeth U. Witmer, Esq. (55808)
Sean T. O'Neill, Esq. (205595)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569

*Attorneys for Plaintiff Transcontinental*
*Gas Pipe Line Company, LLC*

|  |  |  |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC<br>2800 POST OAK BOULEVARD<br>HOUSTON, TEXAS 77251-1396, | : | |
| Plaintiff, | : | CIVIL ACTION – LAW |
| v. | : | Docket No. _____ |
| TEMPORARY EASEMENT FOR 0.017 ACRES IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 40-001-0006-0000, 333 NORWOOD ROAD, DOWNINGTOWN, PA 19335 | : | |
| FRIGYES AND MARIA ALEJNIKOV C/O MR. PETER ALEJNIKOV, POA 1771 HAMILTON DRIVE VALLEY FORGE, PA 19481 | : | |
| TEMPORARY EASEMENTS FOR 0.222 ACRES IN EAST CALN TOWNSHIP, CHESTER COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 40-001-0006.0100, 331 NORWOOD ROAD, DOWNINGTOWN, PA 19335 | : | |
| STEVE AND LYNDA K. FARRELL 331 NORWOOD ROAD DOWNINGTOWN, PA 19335 | : | |
| NATIONAL CITY MORTGAGE CO. D/B/A COMMONWEALTH UNITED MORTGAGE COMPANY C/O CORPORATION SERVICES COMPANY 2704 COMMERCE DRIVE | : | |

HARRISBURG, PA 17110                     :
                                         :
MERRILL LYNCH CREDIT CORP.               :
C/O THE CORPORATION TRUST                :
COMPANY                                  :
CORPORATION TRUST CENTER                 :
1209 ORANGE STREET                       :
WILMINGTON, DE 19801                     :
                                         :
TEMPORARY EASEMENT FOR 0.019             :
ACRES IN EAST CALN TOWNSHIP,             :
CHESTER COUNTY, PENNSYLVANIA,            :
TAX PARCEL NUMBER 40-001-0006.0200,      :
335 NORWOOD ROAD,                        :
DOWNINGTOWN, PA 19335                    :
                                         :
DAVID M. AND ANNA A. JONES               :
335 NORWOOD ROAD,                        :
DOWNINGTOWN, PA 19335                    :
                                         :
JP MORGAN CHASE BANK, NA                 :
F/K/A WASHINGTON MUTUAL BANK             :
FSB                                      :
F/K/A NORTH AMERICAN MORTGAGE            :
COMPANY                                  :
1111 POLARIS PARKWAY                     :
COLUMBUS, OH 43240                       :
                                         :
WELLS FARGO BANK, NA                     :
101 NORTH PHILLIPS AVENUE                :
SIOUX FALLS, SD 57104                    :
                                         :
AND ALL UNKNOWN OWNERS AND               :
INTERESTED PARTIES,                      :
                    Defendants.          :
                                         :

## VERIFIED COMPLAINT IN CONDEMNATION OF PROPERTY
## PURSUANT TO FED. R. CIV. P. 71.1

Plaintiff, Transcontinental Gas Pipe Line Company, LLC ("Transco"), for its causes of

action against Defendants, Temporary Easement For 0.017 Acres In East Caln Township,

Chester County, Pennsylvania, Tax Parcel Number 40-001-0006-0000, 333 Norwood Road,

Downingtown, PA 19335; Frigyes and Maria Alejnikov, c/o Peter Alejnikov, POA, 1771

Hamilton Drive, Valley Forge, PA 19481; Temporary Easements For 0.222 Acres In East Caln

Township, Chester County, Pennsylvania, Tax Parcel Number 40-001-0006.0100, 331 Norwood

Road, Downingtown, PA 19335; Steve and Lynda K. Farrell, 331 Norwood Road,

Downingtown, PA 19335; National City Mortgage Co. d/b/a Commonwealth United Mortgage

Company c/o Corporation Services Company, 2704 Commerce Drive, Harrisburg, PA 17110;

Merrill Lynch Credit Corp. c/o The Corporation Trust Company, Corporation Trust Center, 1209

Orange Street, Wilmington, DE 19801; Temporary Easement For 0.019 Acres In East Caln

Township, Chester County, Pennsylvania, Tax Parcel Number 40-001-0006.0200, 335 Norwood

Road, Downingtown, PA 19335; David M. and Anna A. Jones, 335 Norwood Road,

Downingtown, PA 19335; JP Morgan Chase Bank, NA, f/k/a Washington Mutual Bank FSB,

f/k/a North American Mortgage Company, 1111 Polaris Parkway, Columbus, OH 43240, Wells

Fargo Bank, NA, 101 North Phillips Avenue, Sioux Falls, SD 57104 and All Unknown Owners

and Interested Parties, states as follows:

1.      Transco is an interstate natural gas transmission company that operates more than

10,000 miles of natural gas pipeline from sources in the Southern States and Gulf of Mexico to

customers in the northeastern United States.

2.      This is a civil action brought by Transco for the taking of temporary easements

and rights of way ("Rights of Way")[1] on Defendants' properties that are necessary to shut down

---

[1]      The Rights of Way are described more fully in Paragraphs 45, 48 and 51 of this
Complaint and shown in the drawings and legal descriptions attached as Exhibits B, C,
E, F, G and H.

and replace a segment of one of Transco's mainline transmission lines in Chester County,

Pennsylvania and to operate and maintain a replacement segment of pipeline in its place.

      3.     Transco received a Certificate of Public Convenience and Necessity from the

Federal Energy Regulatory Commission ("FERC") on July 18, 2013,[2] approving the proposed

Brandywine Creek 42-in Mainline 'A' Replacement Project ("Project") and authorizing Transco

to replace approximately 2,167 feet of existing 30-inch pipeline on Transco's mainline in East

Brandywine and East Caln Townships, Chester County, Pennsylvania and, in its place, construct,

operate and maintain a 42-inch segment of pipeline.  Exh A, FERC Order, ¶ 1.

      4.     The three properties subject to this Complaint are owned by adjacent landowners

on Norwood Road in East Caln Township, Chester County (the "Norwood Road Defendants")

who share a driveway.

      5.     According to a search of the Norwood Road Defendants' titles, the driveway is

located on the property of Defendants Frigyes and Maria Alejnikov at Tax Parcel No. 40-001-

0006-0000.  Defendants Steve and Lynda K. Farrell hold an easement over a 20-foot driveway

on the Alejnikov property by virtue of their deed dated June 12, 1992, recorded in the Office of

Recorder of Deeds of Chester County at Book 3064, Page 390.  Defendants David M. and Anna

A. Jones hold an easement over a 20-foot driveway on the Alejnikov property by virtue of their

Deed dated April 30, 1998 recorded in the Office of the Recorder of Deeds of Chester County at

Book 4349, Page 345.

      6.     Transco seeks to condemn on the Alejnikov property temporary easements,

including in the area of the shared driveway, and also to condemn a temporary easement superior

---

[2]     Docket No. CP12-497-000, 131 FERC ¶61,140 (2013) ("FERC Order").  A true and
correct copy of the FERC Order is attached as Exhibit A.

to the rights of the Jones Defendants and Farrell Defendants in the driveway to the extent they

intersect with and are inconsistent with the easements sought by Transco in the area of the shared

driveway.  Transco also seeks to condemn temporary easements on the respective properties of

the Jones Defendants and Farrell Defendants.

7.     Defendants' properties already have three existing Transco natural gas pipelines

on them, as a result of easements granted to Transco beginning in the 1950s.

8.     On Tax Parcel 40-001-0006-0000, Transco owns a 75-foot wide permanent

easement (the "Alejnikov Easement Area") pursuant to a Right of Way Agreement between

Silvino DiMascio, grantor, and Transcontinental Gas Pipe Line Corporation (Transco's

predecessor in interest), grantee, dated February 24, 1950 and recorded in Misc. Deed Book 95,

Page 132 of the Chester County Office of Recorder of Deeds; a Supplemental Right of Way

Agreement between James W. Armstrong, W. Grier Armstrong, M. Bernadine Armstrong and

Marguerite B. Barber, grantors, and Transcontinental Gas Pipe Line Corporation, dated

December 28, 1957 (notarized April 5, 1958) and recorded in Deed Book 117, Page 77 of the

Chester County Office of Recorder of Deeds; and a Supplemental Right of Way Agreement

between James W. Armstrong, W. Grier Armstrong, M. Bernadine Armstrong and Marguerite B.

Barber, grantors, and Transcontinental Gas Pipe Line Corporation, grantee, dated February 25,

1963 and recorded in Deed Book 152, Page 563 of the Chester County Office of Recorder of

Deeds.

9.     On Tax Parcel 40-001-0006.0100, Transco owns a 75-foot wide permanent

easement (the "Farrell Easement Area") pursuant to a Right of Way Agreement between Silvino

DiMascio, grantor, and Transcontinental Gas Pipe Line Corporation (Transco's predecessor in

interest), grantee, dated February 24, 1950 and recorded in Misc. Deed Book 95, Page 132 of the

Chester County Office of Recorder of Deeds; a Supplemental Right of Way Agreement between James W. Armstrong, W. Grier Armstrong, M. Bernadine Armstrong and Marguerite B. Barber, grantors, and Transcontinental Gas Pipe Line Corporation, dated December 28, 1957 (notarized April 5, 1958) and recorded in Deed Book 117, Page 77 of the Chester County Office of Recorder of Deeds; and a Supplemental Right of Way Agreement between James W. Armstrong, W. Grier Armstrong, M. Bernadine Armstrong and Marguerite B. Barber, grantors, and Transcontinental Gas Pipe Line Corporation, grantee, dated February 25, 1963 and recorded in Deed Book 152, Page 563 of the Chester County Office of Recorder of Deeds.

10.     On Tax Parcel 40-001-0006.0200, Transco owns a 75-foot wide permanent easement (the "Jones Easement Area") pursuant to a Right of Way Agreement between Silvino DiMascio, grantor, and Transcontinental Gas Pipe Line Corporation (Transco's predecessor in interest), grantee, dated February 24, 1950 and recorded in Misc. Deed Book 95, Page 132 of the Chester County Office of Recorder of Deeds; a Supplemental Right of Way Agreement between James W. Armstrong, W. Grier Armstrong, M. Bernadine Armstrong and Marguerite B. Barber, grantors, and Transcontinental Gas Pipe Line Corporation, dated December 28, 1957 (notarized April 5, 1958) and recorded in Deed Book 117, Page 77 of the Chester County Office of Recorder of Deeds; and a Supplemental Right of Way Agreement between James W. Armstrong, W. Grier Armstrong, M. Bernadine Armstrong and Marguerite B. Barber, grantors, and Transcontinental Gas Pipe Line Corporation, grantee, dated February 25, 1963 and recorded in Deed Book 152, Page 563 of the Chester County Office of Recorder of Deeds.

11.     The Alejnikov Easement Area, Farrell Easement Area and Jones Easement Area are collectively referred to as the "Existing Easement Area."

12.     The temporary easements sought in this Action are adjacent to Transco's Existing Easement Area.

13.     Transco is a "natural gas company" within the meaning of the Natural Gas Act, 15 U.S.C. § 717 et seq., (the "Natural Gas Act"), and the authority for the taking is granted to Transco by 15 U.S.C. § 717f(h).

14.     Under the Natural Gas Act, a natural gas company has the power to condemn land for a federally approved natural gas pipeline project if:

      (a)     the company has been granted a Certificate of Public Convenience and Necessity from the FERC,

      (b)     the company has been unable to acquire the needed land by contract with the owner, and

      (c)     the value of the property at issue is claimed by the landowner at more than $3,000.

15 U.S.C. § 717f(h); see Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement Beneath 11.078 Acres, More or Less, Nos. 08-168, 08-169, 08-177, 08-179, 08-180, 2008 WL 4346405, at *12 (W.D. Pa. Sept. 19, 2008)[3]; E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 827-28 (4th Cir. 2004).

15.     Transco meets these three requirements, as set forth below.

**I.      Jurisdiction And Venue.**

16.     Transco's authority to maintain the action in this Court derives from the Natural Gas Act, 15 U.S.C.A. §§ 717a, et seq. Section 717f(h) states in relevant part:

> **When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and**

---

[3]     A copy of this unpublished opinion is attached as Exhibit D.

**the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located,** or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C.A. § 717f(h) (emphasis added).

## II.   Parties.

17.   Plaintiff is Transcontinental Gas Pipe Line Company, LLC, a Delaware limited liability company with a principal place of business at 2800 Post Oak Boulevard, Houston, TX 77251-1396.

18.   Defendants Frigyes and Maria Alejnikov are the fee simple owners of the property identified as Tax Parcel No. 40-001-0006-0000 on which Transco is seeking to condemn certain of the Rights of Way and are individuals residing at 333 Norwood Road, Downingtown, PA 19335, who have granted Power of Attorney to Peter Alejnikov residing at 1771 Hamilton Drive, Valley Forge, PA 19481 (hereafter "Alejnikov").

19.   Defendants Steve and Lynda K. Farrell are the fee simple owners of the property identified as Tax Parcel No. 40-001-0006.0100 on which Transco is seeking to condemn certain of the Rights of Way and hold an easement for ingress and egress on a 20-foot shared driveway on Tax Parcel No. 40-001-0006-0000.  The Farrells are individuals residing at 331 Norwood Road, Downingtown, PA 19335 (hereafter "Farrell").

8

20.     National City Mortgage Company d/b/a Commonwealth United Mortgage Company holds a mortgage of record on the Farrell property and is authorized to receive service c/o Corporation Services Company, 2704 Commerce Drive, Harrisburg, PA 17110.

21.     Merrill Lynch Credit Corp. holds a mortgage of record on the Farrell property and is authorized to receive service c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

22.     Defendants David M. and Anna A. Jones are the fee simple owners of the property identified as Tax Parcel No. 40-001-0006.0200 on which Transco is seeking to condemn certain of the Rights of Way and hold an easement for ingress and egress on a 20-foot shared driveway on Tax Parcel No. 40-001-0006-0000.  The Joneses are individuals residing at 335 Norwood Road, Downingtown, PA 19335 (hereafter "Jones").

23.     JP Morgan Chase Bank, NA, f/k/a Washington Mutual Bank FSB, f/k/a North American Mortgage Company holds a mortgage of record on the Jones property and is authorized to receive service at 1111 Polaris Parkway, Columbus, OH 43240.

24.     Wells Fargo Bank, NA holds a mortgage of record and an equity line of credit of record on the Jones property and is authorized to receive service at 101 North Phillips Avenue, Sioux Falls, SD 57104.

## III.     Transco Is A Holder Of A Certificate Of Public Convenience And Necessity.

25.     On August 8, 2012, Transco filed an application with the FERC for a certificate of public convenience and necessity for its Project to replace approximately 2,167 feet of existing 30-inch pipeline on Transco's mainline in East Brandywine and East Caln Townships, Chester County, Pennsylvania and, in its place, construct, operate and maintain a 42-inch segment of pipeline.

26.   "[T]he proposed replacement is necessary in order to bring [Transco's] facilities into compliance with federal pipeline safety regulations.  The proposed replacement will not add firm transportation capacity on Transco's system." Exh. A, FERC Order, ¶ 1.

27.   On July 18, 2013, the FERC approved the Project and issued the FERC Order.

28.   The FERC Order authorizes Transco, among other things, to construct and operate a new 2,167 foot-long, 42-inch diameter replacement pipeline segment on Transco's mainline system in East Brandywine and East Caln Townships, Chester County, Pennsylvania. Exh. A, FERC Order, ¶ 1.

29.   Transco already owns the Existing Easement Area, a 75-foot wide permanent easement across the Norwood Road Defendants' properties.

30.   The Rights of Way sought to be acquired on the Norwood Road Defendants' properties are temporary easements required to construct, install, operate and maintain the Project as approved in the FERC Order and are adjacent to the Existing Easement Area on each of Defendants' properties.

31.   The Rights of Way sought to be acquired on the Norwood Road Defendants' properties were reviewed and approved by the FERC prior to the issuance of the FERC Order.

32.   In issuing the FERC Order, the FERC considered the impact on landowners and communities along the route of the Project.  The FERC found that "Transco has taken steps to minimize the adverse impacts to landowners and communities that might be affected by its project." Exh. A, FERC Order, ¶ 17.

33.   The FERC concluded that "[b]ased on the benefits the project will provide, the lack of adverse impacts on Transco's existing customers, other pipelines and their captive customers, and the minimal adverse effects on landowners or communities, we find that

10

Transco's proposed project is consistent with the Certificate Policy Statement and required by the public convenience and necessity, as conditioned in this order." Exh. A, FERC Order, ¶ 18.

34.     Transco has satisfied all of the conditions imposed by the FERC in the FERC Order prior to the exercise of eminent domain.[4]

35.     Accordingly, Transco has a valid FERC Order approving the Rights of Way sought in this Action.

36.     Transco has satisfied the first condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

**IV.     Transco Has Been Unable To Acquire the Rights of Way By Contract.**

37.     Transco, by its agents, contacted each of the Norwood Road Defendants numerous times for the purpose of negotiating the acquisition of the Rights of Way on their respective properties.

38.     Transco offered to pay each of the Norwood Road Defendants an amount that is higher than the amount fixed by the appraisal for the Rights of Way on their respective properties.[5]

---

[4]     The FERC Order contains conditions applicable to the Project, including certain conditions that are ongoing throughout the construction and restoration phases of the Project and other conditions that require actions after the pipeline has been constructed and placed in-service. Transco has satisfied all conditions required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act. See Portland Natural Gas Trans. Sys. v. 4.83 Acres, 26 F. Supp. 2d 332 (D. N.H. 1998) (satisfying the conditions of the FERC Order was not a condition of the NGA for exercising power of eminent domain).

[5]     Transco retained an independent appraiser to make an appraisal of the fair market value of the property rights sought to be condemned on each property, and provided each of the Norwood Road Defendants with a copy of the appraisal for their respective property. The appraisals value (1) the property rights sought to be condemned on the Alejnikov property at $500; (2) the property rights sought to be condemned on the Farrell property at $1,200; and (3) the property rights sought to be condemned on the Jones property at $500.

39.   None of the Norwood Road Defendants accepted Transco's offers.

40.   Transco is unable to acquire the Rights of Way by contract.

41.   Accordingly, Transco has satisfied the second condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

**V.    Transco Has Offered At Least $3,000 For The Rights Of Way.**

42.   Transco offered each of the Norwood Road Defendants at least $3,000 for the Rights of Way.

43.   Transco has satisfied the third condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

## COUNT ONE

### Condemnation of Rights of Way on Tax Parcel No.  40-001-0006-0000 (Alejnikov)

44.   The averments of paragraphs 1 through 43 are incorporated as if set forth in full.

45.   On Tax Parcel No. 40-001-0006-0000 (Alejnikov), Transco seeks:

   (a)   Temporary easement of 0.017 acres, as described as "Area of Proposed Temporary Work Space" in the acquisition drawing and legal description attached to the Verified Complaint as Exhibits B and C, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated July 18, 2013, Docket No. CP12-497-000.

46.   The Rights of Way sought to be condemned are designated as Area of Proposed Temporary Work Space, as shown in Transco Drawing No. 24-10-70/229068-1-A dated November 15, 2012, which is attached as Exhibit B and described more fully in the legal description attached as Exhibit C.  Exhibits B and C are incorporated herein by reference.

   WHEREFORE, Plaintiff, Transcontinental Gas Pipe Line Company, LLC, for its causes of action against Defendants, Temporary Easement For 0.017 Acres In East Caln Township, Chester County, Pennsylvania, Tax Parcel Number 40-001-0006-0000, 333 Norwood

Road, Downingtown, PA 19335; Frigyes and Maria Alejnikov, c/o Peter Alejnikov, POA, 1771

Hamilton Drive, Valley Forge, PA 19481 and All Unknown Owners and Interested Parties, as

follows:

(a)  An Order of Condemnation that Transco has the substantive right to condemn 0.017 acres of temporary workspace easement for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction, as described in Exhibits B and C, pursuant to the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and all activities required by the Order of the Federal Energy Regulatory Commission dated July 18, 2013, Docket No. CP12-497-000.

(b)  Fix the compensation to be paid to Defendants for the Rights of Way described in Exhibits B and C;

(c)  Grant title to the Rights of Way described in Exhibits B and C to Transco; and

(d)  Any other lawful and proper relief.

## COUNT TWO

### Condemnation of Rights of Way on Tax Parcel No.  40-001-0006.0100 (Farrell)

47.   The averments of paragraphs 1 through 46 are incorporated as if set forth in full.

48.   On Tax Parcel No. 40-001-0006.0100 (Farrell), Transco seeks:

(a)  Temporary easements of 0.222 acres, as described as "Area of Proposed Temporary Work Space #1" and "Area of Proposed Temporary Work Space #2" in the acquisition drawing and legal description attached to the Verified Complaint as Exhibits E and F, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated July 18, 2013, Docket No. CP12-497-000.

49.   The Rights of Way sought to be condemned are designated as Area of Proposed

Temporary Work Space #1 and Area of Proposed Temporary Work Space #2, as shown in

Transco Drawing No. 24-10-70/228733-1-A dated November 15, 2012, which is attached as

Exhibit E and described more fully in the legal description attached as Exhibit F. Exhibits E and F are incorporated herein by reference.

WHEREFORE, Plaintiff, Transcontinental Gas Pipe Line Company, LLC, for its causes of action against Defendants, Temporary Easements For 0.222 Acres In East Caln Township, Chester County, Pennsylvania, Tax Parcel Number 40-001-0006.0100, 331 Norwood Road, Downingtown, PA 19335; Steve and Lynda K. Farrell, 331 Norwood Road, Downingtown, PA 19335; National City Mortgage Co. d/b/a Commonwealth United Mortgage Company c/o Corporation Services Company, 2704 Commerce Drive, Harrisburg, PA 17110; Merrill Lynch Credit Corp. c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and All Unknown Owners and Interested Parties, as follows:

(a)     An Order of Condemnation that Transco has the substantive right to condemn 0.222 acres of temporary workspace easements for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction, as described in Exhibits E and F, pursuant to the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and all activities required by the Order of the Federal Energy Regulatory Commission dated July 18, 2013, Docket No. CP12-497-000.

(b)     Fix the compensation to be paid to Defendants for the Rights of Way described in Exhibits E and F;

(c)     Grant title to the Rights of Way described in Exhibits E and F to Transco; and

(d)     Any other lawful and proper relief.

## COUNT THREE

### Condemnation of Rights of Way on Tax Parcel No. 40-001-0006.0200 (Jones)

50.     The averments of paragraphs 1 through 49 are incorporated as if set forth in full.

51.     On Tax Parcel No. 40-001-0006.0200 (Jones), Transco seeks:

14

      (a)    Temporary easement of 0.019 acres, as described as "Area of Proposed Temporary Work Space" in the acquisition drawing and legal description attached to the Verified Complaint as Exhibits G and H, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated July 18, 2013, Docket No. CP12-497-000.

52.    The Rights of Way sought to be condemned are designated as Area of Proposed Temporary Work Space, as shown in Transco Drawing No. 24-10-70/229109-1-A dated November 15, 2012, which is attached as Exhibit G and described more fully in the legal description attached as Exhibit H.  Exhibits G and H are incorporated herein by reference.

WHEREFORE, Plaintiff, Transcontinental Gas Pipe Line Company, LLC, for its causes of action against Defendants, Temporary Easement For 0.019 Acres In East Caln Township, Chester County, Pennsylvania, Tax Parcel Number 40-001-0006.0200, 335 Norwood Road, Downingtown, PA 19335; David M. and Anna A. Jones, 335 Norwood Road, Downingtown, PA 19335; JP Morgan Chase Bank, NA, f/k/a Washington Mutual Bank FSB, f/k/a North American Mortgage Company, 1111 Polaris Parkway, Columbus, OH 43240, Wells Fargo Bank, NA, 101 North Phillips Avenue, Sioux Falls, SD 57104  and All Unknown Owners and Interested Parties, as follows:

      (a)    An Order of Condemnation that Transco has the substantive right to condemn 0.019 acres of temporary workspace easement for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction, as described in Exhibits G and H, pursuant to the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and all activities required by the Order of the Federal Energy Regulatory Commission dated July 18, 2013, Docket No. CP12-497-000.

      (b)    Fix the compensation to be paid to Defendants for the Rights of Way described in Exhibits G and H;

      (c)    Grant title to the Rights of Way described in Exhibits G and H to Transco; and

(d)     Any other lawful and proper relief.

Respectfully submitted,

**SAUL EWING LLP**

*Sean O'Neill*

Elizabeth U. Witmer, Esq. (55808)
Sean T. O'Neill, Esq. (205595)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA  19087-5569
610-251-5062/-5050
ewitmer@saul.com
soneill@saul.com

*Attorneys for Plaintiff Transcontinental Gas Pipe
Line Company, LLC*

Dated:  October 18, 2013

16

## VERIFICATION

I, James Mathis, verify that I am authorized to take this Verification on behalf of Transcontinental Gas Pipe Line Company, LLC, and that the facts set forth in the foregoing *Verified Complaint in Condemnation* are true and correct to the best of my knowledge, information and belief.  I understand that I am making this Verification subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.

James Mathis

Date:  October 18, 2013